**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION - CLEVELAND**

| | | |
|---|---|---|
| Daniel Core and D'Angelo Williams, | * | |
| On behalf of themselves and those similarly situated, | * | |
| | * | Case No. 1:19-cv-1186 |
| Plaintiffs, | * | |
| v. | * | Judge |
| | * | Magistrate Judge |
| Lighthouse Insurance Group, LLC 6100 Rockside Woods Blvd. N., Ste. 310 Independence, Ohio 44131 | * | **JURY DEMAND ENDORSED HEREON** |
| | * | |
| | * | |
| Defendant. | | |

**PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now come Daniel Core ("Named Plaintiff Core" or "Plaintiff Core") and D'Angelo Williams ("Named Plaintiff Williams" or "Plaintiff Williams"), by and through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for their Complaint against Lighthouse Insurance Group, LLC ("Defendant" or "Lighthouse") for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code §§ 4111.03 and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). Named Plaintiffs' FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted as a class action under Rule 23. The following collective and class action allegations are based on personal

knowledge as to the Named Plaintiffs' own conduct and are made on information and belief as to the acts of others. Named Plaintiffs, individually and on behalf of others similarly situated, hereby state as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Wage Act, the OPPA, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts), over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omission giving rise to the claim occurred in the Northern District of Ohio, and Defendant has its principal place of business in the Northern District of Ohio or it otherwise conducted substantial business in the Northern District of Ohio.

## II. THE PARTIES

4. Named Plaintiff Core is an individual, United States citizen, and resident of this judicial district in the State of Ohio.

5. Named Plaintiff Core worked as an hourly, non-exempt "employee" of Defendant as defined in the FLSA and the Ohio Acts as a licensed sales agent beginning in or around June 2018 through January 2019.

6. During his employment with Defendant, Named Plaintiff Core was not fully and properly paid in accordance with the minimum requirements of the FLSA for all of his compensable hours worked because Defendant did not properly calculate overtime based on his

*regular rate of pay*, as defined by the FLSA, but instead calculated overtime based on his hourly rate of pay, resulting in unpaid overtime wages for the three years preceding the filing date of this Complaint and continuing until trial (three years preceding this filing date hereinafter "Relevant Time Period").

7. Named Plaintiff Williams is an individual, United States citizen, and resident of this judicial district in the State of Ohio.

8. Named Plaintiff Williams worked as an hourly, non-exempt "employee" of Defendant as defined in the FLSA and the Ohio Acts as a licensed sales agent beginning in or around September 2018 through January 2019.

9. During his employment with Defendant, Named Plaintiff Williams was not fully and properly paid in accordance with the minimum requirements of the FLSA for all of his compensable hours worked because Defendant did not properly calculate overtime based on his *regular rate of pay*, as defined by the FLSA, but instead calculated overtime based on his hourly rate of pay, resulting in unpaid overtime wages for the Relevant Time Period.

10. Named Plaintiffs bring this action on behalf of themselves and on behalf of those similarly situated and have given their written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiffs' consents are being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (*Consents to be Party Plaintiffs*, attached hereto as **Exhibit A**).

11. Defendant is an Ohio for-profit corporation with its principal place of business believed to be located at 6100 Rockside Woods Blvd. N., Suite 310, Independence, Ohio 44131.

12. Defendant is and has been doing business in this judicial district.

13. At all times relevant, Defendant has been an "employer" as that term is defined by the FLSA and the Ohio Acts.

14. During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiffs and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

15. During relevant times, Defendant has benefitted from the work performed by Named Plaintiffs and those similarly situated.

16. Upon information and belief, Defendant operated/operates and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

17. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

### III. STATEMENT OF FACTS

18. All of the preceding paragraphs are realleged as if fully rewritten herein.

19. During their employment with Defendant, Named Plaintiffs and other similarly situated employees were not fully and properly paid for all of their compensable hours worked because Defendant did not properly calculate their regular rate of pay for the purposes of meeting the minimum requirements set forth in the FLSA, resulting in unpaid overtime wages.

20. Defendant pays Named Plaintiffs and other similarly situated employees an hourly wage for hours worked (hereinafter "Base Hourly Wage").

21. Named Plaintiffs and other similarly situated employees frequently worked in excess of 40 hours in a workweek.

22. In addition to the Base Hourly Wage, Defendant pays its employees with an additional form of remuneration, a bonus or bonuses and/or commissions based on their performance, which should have been included in the calculation of employees' regular rate of pay for overtime compensation (hereinafter "Additional Remuneration"). *See* 29 C.F.R. § 778.211(c).

23. During the last three years preceding the filing of this Complaint, Named Plaintiffs and other similarly situated employees regularly received their Base Hourly Wage and Additional Remuneration as described above in various workweeks.

24. When Defendant paid Named Plaintiffs and other similarly situated employees both their Base Hourly Wage and Additional Remuneration, Defendant failed to properly calculate its employees' regular rate of pay for the purposes of overtime pay because Defendant did not include the Additional Remuneration in its regular rate calculations. The FLSA and Ohio Wage Act required Defendant to pay overtime compensation to its employees at the rate of one and one-half times their regular rate for the hours they worked in excess of forty. 29 U.S.C. § 207; R.C. §§ 4111.03, 4111.10.

25. Consequently, Defendant failed to properly compensate Named Plaintiffs and other similarly situated employees the overtime wages they were due in accordance with the minimum requirements of the FLSA.

26.     Instead, Defendant paid Named Plaintiffs and other similarly situated employees overtime compensation at one and one-half times their **Base Hourly Wage**, and not one and one-half times their *regular rate of pay*, as that phrase is defined under the FLSA. *See* 29. U.S.C. § 207(e).

27.     At all times relevant herein, the Named Plaintiffs were employees of Defendant as defined in the FLSA and the Ohio Wage Act.

28.     Defendant is an "employer" as that term is defined by the FLSA and the Ohio Wage Act.

29.     Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio.

30.     During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

31.     Defendant is in possession and control of necessary documents and information from which Named Plaintiffs would be able to precisely calculate damages.

32.     Named Plaintiffs neither primarily performed managerial duties nor supervised two or more employees. Plaintiffs could not hire, fire, or discipline employees.

33.     Named Plaintiffs' primary job duties did not consist of the exercise of discretion and independent judgment with respect to matters of significance.

34.     At all times, Named Plaintiffs were employed as non-exempt hourly employees entitled to overtime wages for all hours worked in excess of forty (40) in any workweek.

35.     For all three years preceding this filing, Defendant applied the same pay practices and policies to all hourly, non-exempt employees, including Named Plaintiffs.

36. Named Plaintiffs and other similarly situated employees have not been fully and lawfully compensated for all of their compensable hours worked due to the aforementioned policies and practices of not paying employees the correct overtime rate for all hours worked over 40 in a workweek.

37. Defendant knew or should have been aware that Named Plaintiffs and other similarly situated employees worked in excess of forty (40) hours in a workweek and were entitled to be paid an overtime rate based on their ***regular rate of pay***, as that phrase is defined under the FLSA, but it willfully elected not to fully compensate its employees during all times relevant.

## IV. COLLECTIVE ACTION ALLEGATIONS

### A. 216(b) Collective Action for Unpaid Overtime Wages.

38. Named Plaintiffs bring their FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other similarly situated employees of the opt-in class, consisting of:

> All current and former hourly, non-exempt employees of Defendant who received a Base Hourly Wage and Additional Remuneration during any workweek that they worked over 40 hours in any workweek beginning three years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "§ 216(b) Collective Class" or the "§ 216(b) Collective Class Members").

39. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

40. In addition to the Named Plaintiffs, the putative § 216(b) Collective Class Members have been denied overtime compensation due to Defendant's company-wide payroll policy and practice of not fully and properly compensating its employees at the proper overtime

rate during workweeks when they worked more than forty (40) hours per workweek and were paid their Base Hourly Wage and Additional Remuneration. Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiffs and the putative § 216(b) Collective Class Members overtime at a rate of at least one and one-half times their ***regular rate of pay***, as that phrase is defined under the FLSA, for all overtime hours worked. The Named Plaintiffs are representative of those other similarly situated employees and are acting on behalf of their interests as well as their own in bringing this action.

41. The identities of the putative § 216(b) Class Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

42. The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiffs and § 216(b) Collective Class Members overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of the Named Plaintiffs and § 216(b) Collective Class Members.

**B. Fed.R.Civ. P. 23 Class Action for Unpaid Overtime Wages.**

43. All of the preceding paragraphs are realleged as if fully rewritten herein.

44. Named Plaintiffs bring their Ohio Wage Act claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of themselves and all other similarly situated of the following class, consisting of:

> All current and former hourly, non-exempt employees of Defendant working in Ohio who received a Base Hourly Wage and Additional Remuneration during any workweek that they worked over 40 hours in any workweek beginning three years preceding the filing date of this

    Complaint and continuing through the date of final disposition of this case (the "Ohio Rule 23 Class," the "Rule 23 Class," or the "Ohio Rule 23 Class Members").

45. During relevant times, Named Plaintiffs and those Ohio Rule 23 Class Members worked more than forty (40) hours per workweek but were not correctly compensated at a rate of at least one and one-half times their correct ***regular rate of pay***, as that phrase is defined under the Ohio Wage Act, for all hours worked in excess of 40 because of Defendant's policy and practice of not fully and properly compensating its employees at the proper overtime rate during workweeks when they received Additional Remuneration defined herein.

46. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

47. Named Plaintiffs are members of the Ohio Rule 23 Class and their claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

48. Named Plaintiffs will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

49. Named Plaintiffs have no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that they have undertaken to represent.

50. Named Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

51. Questions of law and fact are common to the Ohio Rule 23 Class.

52. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

53. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiffs and the Ohio Rule 23 Class as a whole.

54. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

55. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class their correct overtime rate for all hours worked in excess of forty hours per week as a result of Defendant's failure to properly calculate the Ohio Rule 23 Class Members' regular rate of pay when they received Additional Remuneration; (b) whether Defendant kept accurate records of the amount of time the Ohio Rule 23 Class was working each day; (c) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld overtime compensation is due to the Named Plaintiffs and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; and (e) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

56. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' and the Ohio Rule 23 Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiffs and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as

defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

V. CAUSES OF ACTION

### COUNT I
### (FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)

57. All of the preceding paragraphs are realleged as if fully rewritten herein.

58. This claim is brought as part of a collective action by the Named Plaintiffs on behalf of themselves and the § 216(b) Collective Class Members.

59. During the relevant time period preceding this Complaint, Defendant employed the Named Plaintiffs and the § 216(b) Collective Class Members.

60. Named Plaintiffs and the § 216(b) Collective Class Members were paid on an hourly basis when working in non-exempt positions.

61. Named Plaintiffs and the § 216(b) Collective Class Members worked in excess of 40 hours in a workweek.

62. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

63. The FLSA requires that non-exempt employees receive overtime compensation of their regular rate of pay for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

64. Under 29 U.S.C. § 207(e), "regular rate" of pay shall be broadly deemed to include all remuneration for employment paid to, or on behalf of, the employee like the type of

Named Plaintiffs and the § 216(b) Collective Class Members. *See* 29 U.S.C. § 207(e); *see also* 29 C.F.R. § 778.208; 29 C.F.R. § 778.117; 29 C.F.R. § 778.119.

65. Named Plaintiffs and the § 216(b) Collective Class Members were not exempt from receiving FLSA overtime benefits because, *inter alia*, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.1, *et seq*.

66. Named Plaintiffs and the § 216(b) Collective Class Members were not exempt from receiving FLSA overtime benefits because, *inter alia*, they were not "learned professional" employees, as that term is defined under the FLSA. *See* 29 CFR § 541.301.

67. Named Plaintiffs and the § 216(b) Class Members worked in excess of 40 hours per week during all times relevant.

68. Named Plaintiffs and the § 216(b) Class Members should have been paid the correct overtime rate for all hours worked in excess of forty hours per workweek during the three years from the filing date of this Complaint.

69. Defendant violated the FLSA with respect to Named Plaintiffs and the § 216(b) Collective Class Members by, *inter alia*, failing to *fully* compensate them at time-and-one-half times their regular rates of pay for hours worked over forty (40) hours in workweeks because Defendant did not properly calculate its employees' overtime rate when they received Additional Remuneration as described herein.

70. Defendant knew or should have known of the overtime payment requirements of the FLSA. Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the § 216(b) Collective Class Members are entitled.

71. The exact total amount of overtime compensation that Defendant failed to pay the Named Plaintiffs and the § 216(b) Collective Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in Defendant's possession.

72. As a direct and proximate result of Defendant's conduct, the Named Plaintiffs and the § 216(b) Collective Class Members have suffered and continue to suffer damages. The Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the § 216(b) Collective Class Members.

## COUNT II
### (R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

73. All of the preceding paragraphs are realleged as if fully rewritten herein.

74. This claim is brought under Ohio law, which incorporates the FLSA without limitation.

75. The Named Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio law.

76. Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

77. The Named Plaintiffs and Ohio Rule 23 Class worked in excess of the maximum weekly hours permitted under R.C. § 4111.03 but were not correctly paid their overtime rate for

all hours worked over 40 in a workweek in workweeks that they received Additional Remuneration as described herein.

78. Defendant's company-wide corporate policy and/or practice of not properly paying its hourly, non-exempt employees the *correct* overtime rate for each hour worked over forty (40) hours in workweeks that employees also received Additional Remuneration as described herein resulted in unpaid overtime wages for the Named Plaintiffs and Ohio Rule 23 Class.

79. Named Plaintiffs and those similarly situated Ohioans were not exempt from the wage protections of Ohio law.

80. Defendant violated the Ohio Wage Act with respect to Named Plaintiffs and the Ohio Rule 23 Class by, *inter alia*, failing to compensate them at time-and-one-half times their correct regular rates for hours worked over forty (40) hours in a workweek because Defendant did not properly calculate its employees' overtime rate when they received Additional Remuneration as described herein.

81. The Named Plaintiffs and the Ohio Rule 23 Class were not exempt from the wage protections of Ohio law. Indeed, during relevant times, the Named Plaintiffs and the Ohio Rule 23 Class Members were not exempt from receiving overtime because, *inter alia*, they were not "executive," "administrative," "professional," "outside sales" or "computer" employees, as those terms are defined under the FLSA. *See* R.C. § 4111.03(A); *see also* 29 C.F.R. §§ 541.0, *et seq.*

82. Defendant's repeated and knowing failure to pay overtime wages to the Named Plaintiffs and those similarly situated Ohioans were violations of R.C. § 4111.03, and as such, Defendant acted willfully.

83. For Defendant's violations of R.C. § 4111.03, by which the Named Plaintiffs and those similarly situated Ohioans have suffered and continue to suffer damages, the Named Plaintiffs and those similarly situated Ohioans seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## COUNT III
### (R.C. § 4113.5 – RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO PROMPT PAY ACT)

84. All of the preceding paragraphs are realleged as if fully rewritten herein.

85. During relevant times, Named Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendant.

86. During relevant times, Defendant was an entity covered by the OPPA and the Named Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

87. The OPPA requires Defendant to pay Named Plaintiffs and Ohio Rule 23 Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* R.C. § 4113.15(A).

88. During relevant times, Named Plaintiffs and the Ohio Rule 23 Class were not paid all wages, including overtime wages at one and one-half times their regular rate of pay as described herein within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

89. The Named Plaintiffs and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

90. The Named Plaintiffs and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

91. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

VI. **PRAYER FOR RELIEF**

**WHEREFORE**, as to **Count I**, Named Plaintiffs and other members of the § 216(b) Collective Class pray for an Order as follows:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the § 216(b) Collective Class, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C. A declaratory judgment that Defendant's payroll policy or practice of not properly calculating the overtime rate during workweeks its employees received Additional Remuneration for Named Plaintiffs and the § 216(b) Collective Class as described herein violates the FLSA;

D. Judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiffs and the § 216(b) Collective Class during the applicable statutory period under the FLSA and continuing through trial;

E. Judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiffs and all other similarly situated employees during the applicable statutory period under the FLSA and continuing through trial;

F. Directing Defendant to pay reasonable attorneys' fees and all costs connected with this action;

G.Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

H.Judgment for all civil penalties to which Plaintiffs and all other similarly situated employees may be entitled; and

I.Such other and further relief as to this Court may deem necessary, just, or proper.

**WHEREFORE**, as to **Counts II** and **III**, Named Plaintiffs request judgment against Defendant for violations of the Ohio Acts and for an Order as follows:

J.Awarding to the Named Plaintiffs and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

K.Awarding Named Plaintiffs and the Ohio Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

L.Awarding Named Plaintiffs and the Ohio Rule 23 Class Members such other and further relief as the Court deems just and proper;

M.Awarding judgment against Defendant for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiffs and the Ohio Rule 23 Class Members during the applicable statutory period; and

N.Issuing an injunction prohibiting Defendant from engaging in present, ongoing, and future violations of the Ohio Acts.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**Coffman Legal, LLC**
1550 Old Henderson Road, Ste. 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*/s/ Peter A. Contreras*
Peter Contreras (0087530)
**CONTRERAS LAW, LLC**
1550 Old Henderson Road, Ste. 126
Columbus, Ohio 43220
Phone: 614-787-4878
Fax: 614-923-7369
Email: peter.contreras@contrerasfirm.com

*Attorneys for Named Plaintiffs and those similarly situated*

## JURY DEMAND

Plaintiffs hereby demands a jury trial of twelve (12) persons to hear all issues so triable.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman