IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Core,** *et al.*, | : |
| | : |
| Individually and on behalf of other members of the general public similarly situated, | : |
| | : Civil Action No. 1:19-cv-1186-DAP |
| Plaintiffs, | : |
| | : Judge Dan Aaron Polster |
| v. | : |
| | : **PLAINTIFFS' MEMORANDUM IN** |
| **Lighthouse Ins. Group, LLC,** | : **OPPOSITION TO DEFENDANT'S** |
| | : **MOTION TO COMPEL ARBITRATION** |
| | : **AND DISMISS PLAINTIFFS'** |
| | : **COMPLAINT, OR IN THE** |
| Defendant. | : **ALTERNATIVE, MOTION TO STAY** |
| | : **PENDING ARBITRATION** |

Named Plaintiffs Daniel Core and D'Angelo Williams (collectively "Class Plaintiffs" or "Plaintiffs"), by and through their undersigned counsel, hereby respond to *Defendant's Motion to Compel Arbitration and Dismiss Plaintiffs' Complaint, or in the Alternative, Motion to Stay Pending Arbitration* (Doc. No. 3) (hereafter "Motion") and respectfully request that the Motion be denied in part for the reasons more fully discussed below.

**I.     Introduction**

Defendant Lighthouse Insurance Group, LLC ("Defendant" or "Lighthouse") now moves the Court to dismiss Plaintiffs' Collective and Class Action Complaint for unpaid overtime and seeks to compel arbitration of their claims as well as all other similarly situated employees. *See* Doc. No. 3. Defendant Lighthouse asserts that it is entitled to compel arbitration of Plaintiffs' claims based on arbitration agreements signed by the Plaintiffs when their employment began. *See* Doc. No. 3-1 at Exhibits 1 and 2. The agreements that Defendant Lighthouse asks this Court

to enforce for its benefit, however, attempt to shift the payment of arbitration costs and fees to Plaintiffs despite well-established law that requires their payment by Defendant Lighthouse. Defendant also asks this Court to dismiss Plaintiffs' Complaint *with prejudice* in ordering arbitration when the appropriate course is to simply stay the case pending arbitration (which Defendant alternatively requests), or at most dismiss the claims *without prejudice*. Defendant's Motion should therefore be denied, in part, and the Court should hold that portions of the agreements are unenforceable, as more fully discussed below.

## II. Law and Argument

While there is a policy favoring arbitration when agreed to, "countervailing principles also apply,"[1] as "the federal policy in favor of arbitration is not an absolute one [.]" *See Albert M. Higley Co.,* 445 F.3d at 863; *Thomas v. Right Choice Staffing Grp., LLC,* No. CIV. 15-10055, 2015 WL 4078173, at *5 (E.D. Mich. July 6, 2015) ("[a]rbitration under the [FAA] is 'a matter of consent, not coercion.'"). Thus, "[w]hile ambiguities in the language of the agreement should be resolved in favor of arbitration, we do not override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract, simply because the policy favoring arbitration is implicated." *EEOC v. Waffle House, Inc.,* 534 U.S. 279, 294, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002) (internal citation omitted).

It is also well-established that "[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 26, 111 S. Ct. 1647, 1652, 114 L. Ed. 2d 26 (U.S. 1991). Thus, courts must "routinely invalidate arbitration provisions that interfere with substantive statutory rights." *See Lewis v. Epic Systems Corp.*, 823 F.3d 1147, 1160 (7th Cir. 2016). This includes an improper *limit* or cap on costs,

---

[1] *Nestle Waters N. Am., Inc. v. Bollman,* 505 F.3d 498, 504 (6th Cir.2007).

damages, or attorney's fees that a party may recover from arbitration. *See Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 670 (6th Cir. 2003). It additionally includes provisions purporting to shift certain costs of proceeding in arbitration to the claimant, which would deter potential claimants from bringing their claims. *Id.* at 669. Because such clauses improperly limit claimants' statutory rights, courts typically invalidate these provisions in ruling on a motion to compel arbitration. *See Lewis, supra; see also Morrison, supra.*

> **A. The arbitration agreements at issue improperly seek to limit Plaintiffs' substantive statutory rights and remedies.**

If arbitration is compelled as requested by Defendant, any provision within the agreements that purports to limit the Plaintiffs' substantive statutory rights is plainly illegal and must be invalidated as a party does not forgo the substantive rights afforded by statute by agreeing to arbitrate. *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 26, 111 S. Ct. 1647, 1652, 114 L. Ed. 2d 26 (U.S. 1991). A *limit* or cap on damages, costs, or attorney's fees that a party may recover from arbitration improperly restricts substantive statutory rights and should therefore be stricken. *See Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 670 (6th Cir. 2003). Courts also must invalidate provisions that seek to shift certain arbitration costs to the claimant as such cost-shifting provisions could deter potential claimants from bringing their claims. *Id.* at 669.

In *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 670 (6th Cir. 2003), the Sixth Circuit held that an arbitration cost-splitting provision in an agreement was unenforceable. In so holding, the court noted that arbitration costs often "far exceed[] the costs that a plaintiff would incur in court" because courts do not charge for "in-person hearings, discovery requests, routine motions, or written decisions" while such costs are "all common in the world of private arbitrators." *Id.* at 669. After concluding that requiring the "cost-splitting rule . . . would deter a

substantial percentage of potential litigants from bringing their claims in the arbitral forum", the Sixth Circuit ruled such provision was invalid. *Id.*

Similarly, an arbitration agreement cannot be construed to allow the arbitrator discretion to award or not award a prevailing party their attorney's fees when mandated by law. *Wilks v. Pep Boys*, 241 F. Supp. 2d 860, 866–67 (M.D. Tenn. 2003). Because "the FLSA mandates an award of attorney's fees to a prevailing plaintiff, the arbitrator would have to award them" in arbitration. *Id.* Rule 34(e) of the American Arbitration Association ("AAA") National Rules provides the arbitrator with "the authority to provide for the reimbursement of representative's fees, in whole or in part, as part of the remedy, in accordance with applicable law." *Id.*

The applicable law in an FLSA suit such as the instant action is 29 U.S.C. § 216(b), which provides that "a prevailing plaintiff must be awarded a reasonable attorney's fee and costs." *Id.* Accordingly, where an award of attorney's fees is mandated by law and the "arbitrator has the authority to award them, . . . a AAA arbitrator would be required to award attorney's fees and costs to a prevailing FLSA plaintiff." *Id.*

In the instant case, the arbitration agreements at issue contain improper provisions purporting to limit Plaintiffs' rights under the FLSA and/or Ohio law. While they first state that Plaintiffs would have to pay "part" of the arbitration filing fee in the same amount as would be paid to file in state court, the agreements further provide the Plaintiffs "will be responsible for paying the remainder of my expenses consequent to my claim including, but not limited to, my own attorney's fees if I choose to be represented by an attorney, unless the arbitrator orders Lighthouse Insurance Group, LLC to pay such fees as a statutory remedy." See Doc. No. 3-1 at Exhibits 1 and 2. While the agreements do contain a provision stating that Plaintiffs "understand that this Agreement . . . does not limit any of my statutory rights or remedies", the foregoing

4

provisions and language seemingly *do* limit, or attempt to limit, their statutory rights and remedies by requiring payment of expenses and fees that Plaintiffs otherwise would not be responsible for paying if they pursued their claims in court.

Accordingly, to the extent these cost-splitting provisions, limitations, and/or caps are in any way inconsistent with Class Plaintiffs' substantive statutory rights or remedies, including but not limited to their rights under 29 U.S.C. § 216(b) to be awarded any and all damages properly recoverable, including liquidated damages and their reasonable attorney's fee and costs, they must be invalidated. *See Lewis, supra* at 1160[2]; *see also Morrison, supra* at 669. Moreover, to the extent the arbitration provisions purport to allow the arbitrator *discretion* to award or not award a prevailing party their attorney's fees and costs when mandated by law, they also must be declared invalid on this basis. *See Wilks*, *supra* at 866–67.

### B. The Court should stay this case pending arbitration instead of dismissing with prejudice.

Additionally, the Defendant requests that this Court dismiss this action *with prejudice* in ordering arbitration of the claims herein. *See* <u>Doc. No. 3</u> at 1, 3, 9-11. Such request is likewise plainly improper as the Court should simply stay the case pending arbitration. A similar request to dismiss instead of stay the proceedings was addressed and rejected in *Johnson, et al. v. Smyth Automotive, Inc.*, Case No. 2:18-cv-1384, 2019 WL 2250578 (S.D. Ohio May, 24, 2019). In that case, the Defendants likewise argued that the case "must be dismissed" due to a binding arbitration agreement. *Id.* at *2. After finding that the claims at issue were covered by the arbitration agreements and that the Defendant could enforce the agreement, the Court held that

---

[2] Citing *McCaskill v. SCI Mgmt. Corp.,* 285 F.3d 623, 626 (7th Cir. 2002) (holding unenforceable arbitration agreement that did not provide for award of attorney fees in accordance with right guaranteed by Title VII); *Kristian v. Comcast Corp.*, 446 F.3d 25, 48 (1st Cir. 2006) (holding unenforceable arbitration provision precluding treble damages available under federal antitrust law); *Booker v. Robert Half Int'l, Inc.*, 413 F.3d 77, 83 (D.C. Cir. 2005) (holding unenforceable and severing clause in arbitration agreement proscribing exemplary and punitive damages available under Title VII).

"[a] trial court has the inherent power to manage its docket, which includes the power to either stay or dismiss a case in which it orders arbitration." *Id.* at *3 citing *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19-20 (1983). The Court then expressly ordered the case *stayed* pending arbitration. *Id.* at *3. Accordingly, should this Court grant Defendant's Motion, it should stay the case and not dismiss it.

If the Court declines to stay the case and instead elects to dismiss the case pending arbitration, any dismissal should undoubtedly be **without prejudice**, and <u>not with prejudice</u> as Defendant requests in its Motion. Indeed, Judge Lawson wrote a concurring opinion for the Sixth Circuit that highlighted this point. In *Bowie v. Clear Your Debt, LLC*, 523 F. App'x 315, 317 (6th Cir. 2013), Judge Lawson wrote his concurring opinion to "express [his] concern with the way the district court disposed of those claims, namely, dismissing them *with prejudice.*" *Id.* at 317. Although he agreed the claims were subject to arbitration, Judge Lawson noted that a "dismissal 'with prejudice' implies an adjudication on the merits, which, of course, did not occur here" in compelling arbitration. *Id.*

He then held that the "dismissal of the plaintiff's arbitral claims should have been *without* prejudice, so that the plaintiff still can pursue them in arbitration if she chooses." *Id.* citing *McIntyre v. First Financial Group,* No. 12–740, 2012 WL 5939931, at *5 (W.D.Mich. Nov. 21, 2012). Judge Lawson then noted a number of opinions from within this circuit that have dismissed claims *without prejudice* in ordering arbitration. *Id.* citing *Morgan v. United Healthcare Services, Inc.,* No. 12–676, 2013 WL 1828940 (S.D.Ohio Apr. 30, 2013); *Asbell v. Education Affiliates, Inc.,* No. 3:12–CV–00579, 2013 WL 1775078 (M.D.Tenn. Apr. 25, 2013); *Scott v. Ameritech Pub., Inc.,* 938 F.Supp.2d 702, 2013 WL 1489095 (E.D.Mich. Apr. 10, 2013); *Rodriguez v. Charles Schwab Corp.,* No. 12–2277, 2013 WL 907380

(W.D.Tenn. Mar. 8, 2013); *Smith v. Cheesecake Factory Restaurants, Inc.,* No. 3:06–CV–00829, 2013 WL 494090 (M.D.Tenn. Feb. 8, 2013); *see also Brotherhood of R.R. Signalmen v. Invensys Rail Corp.,* No. 12–63, 2013 WL 1309762 (W.D.Ky. Mar. 26, 2013).

Accordingly, this Court should simply stay the case pending arbitration, or dismiss the case *without prejudice* if it chooses to enter a dismissal. Defendant's request for a dismissal *with prejudice* must be denied as ordering arbitration is not an adjudication on the merits.

### III. Conclusion

For all of the foregoing reasons, Defendant's Motion should therefore be denied, in part, and the Court should hold that the above-discussed portions of the agreements that improperly limit Plaintiffs' statutory rights and/or that seek to shift arbitration costs to Plaintiffs are unenforceable.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1550 Old Henderson Rd.
Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*/s/ Peter Contreras*
Peter Contreras (0087530)
**CONTRERAS LAW, LLC**
1550 Old Henderson Rd.
Suite 126
Columbus, Ohio 43220
Phone: 614-787-4878
Fax: 614-957-7515
Email: peter.contreras@contrerasfirm.com

*Attorneys for Class Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically with the Court on this 8th day of July, 2019, via the Court's CM/ECF system, which will send electronic notification of the filing to counsel of record.

/s/ *Peter A. Contreras*
Peter A. Contreras (0087530)