UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL CORE, *et al.*, | ) | CASE NO. 1:19 CV 1186 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| vs | ) | |
| | ) | |
| LIGHTHOUSE INS. GROUP, LLC, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is Defendant Lighthouse Insurance Group, LLC's Motion to Compel Arbitration and Dismiss, or in the Alternative, Motion to Stay Pending Arbitration ("Motion"), Doc #: 3. For the following reasons, Defendant's Motion is **GRANTED**.

**I.    Facts**

   **A.    Background**

Plaintiffs bring this action to collect allegedly unpaid overtime compensation from their employer Lighthouse Insurance Group, LLC ("LIG"). Doc #: 1; Compl. ¶ 10. Named Plaintiffs Daniel Core and D'Angelo Williams were employed by LIG as sales agents from June and September of 2018, respectively, through January 2019. *Id*. at ¶ 5, 8. Plaintiffs allege that during their employment, LIG did not properly calculate overtime wages in accordance with the Fair Labor Standards Act of 1938 ("FLSA") and that this miscalculation resulted in unpaid overtime wages. *Id*. at ¶ 6, 9.

As part of their employment with LIG, both Core and Williams signed identical Agreements to Arbitrate ("Agreement"). Doc #: 3, Ex. 1-2. The Agreements state in relevant part:

> I understand and agree that if I file a claim under this Agreement, I will pay part of the AAA's filing fee for disputes arising under employer-promulgated plans, in the same amount that I would be required to pay to file a lawsuit in state court. Lighthouse Insurance Group, LLC will pay the remaining part of the filing fee, the AAA's administrative fees for such disputes, and the fees and expenses of the arbitrator, and it will provide the hearing facilities.
>
> \*   \*   \*
>
> I understand and agree that if I file a claim under this Agreement, I will be responsible for paying the remainder of my expenses consequent to my claim including, but not limited to, my own attorney's fees if I choose to be represented by an attorney, unless the arbitrator orders Lighthouse Insurance Group, LLC to pay such fees as a statutory remedy.

*Id*.

On May 23, 2019, Plaintiffs filed collective and class action allegations asserting unpaid overtime claims under both federal and state law. *Id*. at 11, 13, 15. On June 21, 2019, LIG filed its Motion to Compel or Stay Pending Arbitration. Doc #: 3. On July 8, 2019, Plaintiffs filed their Response. Doc #: 4. On July 10, 2019, LIG filed its Reply. Doc #: 5.

## II. Analysis

### A. Standard of Review

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq*., provides the standard for district courts to rule on a motion to compel arbitration. So long as the district court has jurisdiction over the case, a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may move the court for an order compelling arbitration. 9 U.S.C. § 4. The FAA provides for a stay of the proceedings in federal court "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The Supreme Court has interpreted the FAA as having created "a liberal federal policy favoring

arbitration." *CompusCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012) (quoting *Moses H. Cone Mem'l Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1938)). That policy "requires courts to enforce agreements to arbitrate according to their terms." *Id*. (citing *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221 (1985)). "That is the case even when the claims at issue are federal statutory claims, unless the FAA's mandate has been overridden by a contrary congressional command." *Id*. (citing *Shearson/American Express Inc. v. McMahon*, 482 U.S. 220, 226 (1987)).

### B. Policy Provisions

Plaintiffs do not dispute that they are bound by LIG's Agreement. Plaintiffs instead argue that the Agreement is unenforceable due to its provisions on cost-splitting and attorney fees. The Court finds Plaintiffs' arguments unavailing.

#### 1. Cost-Splitting

Plaintiffs argue that the Agreement is unenforceable because the Agreement "attempt[s] to shift the payment of arbitration costs and fees to Plaintiffs despite well-established law that requires their payment by Defendant Lighthouse." Doc #: 4 at 2.

The Agreement states that Plaintiffs are responsible for paying part of the American Arbitration Association ("AAA") filing fee in the same amount as required in state court and any "expenses consequent to [their] claim including, but not limited to, [their] attorney's fees." Doc #: 3, Ex. 1, 2. The Agreement further states that LIG "will pay the remaining part of the filing fee, the AAA's administrative fees for such disputes, and the fees and expenses of the arbitrator, and it will provide the hearing facilities." *Id*. Plaintiffs argue that these provisions

3

constitute cost-shifting provisions that violate well-established law and may deter potential litigants and therefore the Court should not enforce the Agreement. Doc #: 4 at 3.

Plaintiffs cite *Morrison v. Circuit City Stores, Inc.* to support their assertion that the Agreement contains unenforceable cost-splitting provisions. Doc #: 4 at 3 (citing *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 670 (6th Cir. 2003)). In *Morrison*, the court held that an arbitration agreement's cost-splitting provision was unenforceable where potential litigants risked paying half of the cost of the arbitration. *Morrison*, 317 F.3d at 669. LIG's Agreement contains no such provision. Further, the Sixth Circuit has subsequently distinguished its decision in *Morrison*, holding that a plaintiff "bears the burden of demonstrating that the provisions in question impose costs that are likely to have an impermissible deterrent effect." *Howell v. Rivergate Toyota, Inc.*, 144 Fed.Appx. 475, 481 (2005). The *Howell* court held that an arbitration agreement's cost-splitting provision was enforceable where the plaintiff failed to present any evidence of either a deterrent effect, namely the costs of arbitration relative to litigation, or the impact such "arbitral costs might have on a person with a [similar] 'job description and socioeconomic background.'" *Id*. Similarly, Plaintiffs in the instant case have not presented any evidence "from which a court could find that the fee-splitting … provisions are likely to deter employees from vindicating their statutory rights." *Id*. As LIG notes in its Reply, the Agreement does not impose any more costs or fees on Plaintiffs than they would be responsible for in court. Doc #: 5 at 2. Accordingly, Plaintiffs have failed to prove that the challenged cost-splitting provisions of the Agreement are unenforceable.

### 2. Attorneys' Fees

Plaintiffs argue that the Agreement's attorneys' fees provisions are unenforceable because the provisions give the arbitrator discretion in awarding attorneys' fees to the prevailing

4

party. Plaintiffs assert that, to the extent these "discretionary" provisions restrict the award of attorneys' fees and costs, the Agreement is unenforceable.

The Agreement states that Plaintiffs are responsible for their own attorneys' fees "unless the arbitrator orders Lighthouse Insurance Group, LLC to pay such fees as a statutory remedy." Doc #: 3, Ex. 1, 2. Plaintiffs argue that this provision is unenforceable because it gives the arbitrator discretion in awarding attorneys' fees when the award of attorneys' fees to a prevailing plaintiff is mandated by law. Doc #: 4 at 4. Plaintiffs cite *Wilks v. Pep Boys* as support, correctly stating that the FLSA mandates that attorneys' fees be awarded to a prevailing plaintiff and Rule 34(e) of the AAA National Rules gives the arbitrator the authority to award such a remedy. *Id*. at 4 (citing *Wilks*, 241 F.Supp.2d at 866-67). Plaintiffs fail to suggest why an arbitrator would not award attorneys' fees were Plaintiffs to prevail. In fact, the *Wilks* court went so far as to hold that "[b]ecause [attorneys' fees] are mandated, and because the arbitrator has the authority to award them, it is the court's interpretation of [Rule 34(e)] that a AAA arbitrator would be required to award attorney's fees and costs to a prevailing FLSA plaintiff." *Wilks*, 241 F.Supp.2d at 867. Accordingly, Plaintiffs have failed to show that the attorneys' fees provisions under the arbitration agreement are unenforceable.

### 3. Dismissal Without Prejudice

Lastly, Plaintiffs argue that LIG inappropriately requests that the Court dismiss the case with prejudice. Plaintiffs state that the Court should "at most dismiss the claims without prejudice." Doc #: 4 at 2. The Court agrees. Because all of Plaintiffs claims will be arbitrated, the Court finds that a dismissal without prejudice is most appropriate in this case. *See McIntyre v. First Financial Group*, 2012 WL 5939931, at *5 (W.D. Mich Nov. 27, 2012) ("Where, as here, it has been determined that arbitration is compelled as to all claims, it is not necessary to

5

stay the proceedings; instead, dismissal for lack of jurisdiction is appropriate. [B]ecause this dismissal is not on the merits, it will be without prejudice.") (citations omitted).

**III. Conclusion**

Accordingly, the Court **GRANTS** the Motion to Compel Arbitration, Doc #: 3. This case is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster July 23, 2019*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**